IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| ANYA KHOLODNOV | * | |
|     Plaintiff, | * | |
| | * | |
|  v. | * | Case No.: GJH-18-441 |
| | * | |
| PHILLIP SANDLIN, *et al.* | * | |
|     Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Anya Kholodnov filed this lawsuit against Defendants Phillip Sandlin, Gear Factory Frederick LLC ("Gear Factory"), Anthony Yost, and TLC Transmissions, LLC ("TLC") alleging copyright infringement and various state law claims in relation to a dispute over a business co-owned by Plaintiff and Defendant Sandlin. Defendant Sandlin, proceeding *pro se*, has submitted an Answer denying all allegations and asked the Court to dismiss Plaintiff's claims. ECF No. 12. No hearing is necessary. Loc. R. 105.6. (D. Md. 2018). For the reasons stated below, Defendant's Motion to Dismiss is DENIED.

**I.    BACKGROUND[1]**

Plaintiff and Defendant Sandlin agreed to form and operate Gear Factory as co-owners beginning in March 2016. ECF No. 1 ¶¶ 26, 33. Plaintiff alleges that she owns at least 50% of Gear Factory, as she and Sandlin agreed to "equal voting rights, profits, losses, and share of

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

1

distribution." *Id*. ¶¶ 25, 27. Plaintiff also contends that Sandlin owed Plaintiff money at the time, and Plaintiff agreed to allow Sandlin to pay her back by putting that money towards the cost of starting Gear Factory. *Id*. ¶ 38. Together, Plaintiff and Sandlin researched the startup process for the company, met the landlord, and obtained a lease for the location. *Id*. ¶¶ 40-41. As part of her work, Plaintiff created the branding for Gear Factory, "including a logo, business cards, letterhead, invoice templated, shirts, signage, a company website, advertisements, brochures, and additional materials." *Id*. ¶ 42. She would later copyright some of these materials. ECF No. 1-1.,

Plaintiff and Sandlin soon grew apart, and Sandlin began denying Plaintiff a right to vote on matters relating to Gear Factory, a distribution of profits, and access to Gear Factory's books and records. ECF No. 1 ¶¶ 61-63. Each of the Defendants also continued to use the copyrighted materials without her permission. *Id*. ¶¶ 16-7, 22, 69. Plaintiff sent a cease-and-desist letter to Defendants Sandlin and Gear Factory in April 2017. *Id*. ¶ 19. Sandlin proceeded to attempt to sell Gear Factory's equity, assets, or both to Defendants Yost and TLC. *Id*. ¶ 21. Defendant Sandlin has made four arguments in his motion to dismiss: that the Court lacks jurisdiction, that Plaintiff was not an owner of Gear Factory, that Plaintiff's ownership claims conflict with her copyright claims, and that Sandlin/Gear Factory and Yost/TLC are two different companies. Each argument fails.

## II.   STANDARD OF REVIEW

A federal court must have subject-matter jurisdiction to decide a matter before it. *Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 562 (2017). If it does not, then the court must dismiss the case. Fed. R. Civ. P. 12(b)(1). In a facial challenge to subject-matter jurisdiction such as this one, a court must determine if the complaint fails to allege facts upon which subject-matter jurisdiction can be based. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

2

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

First, Defendant Sandlin claims the Court does not have jurisdiction because both he and Plaintiff are citizens of Maryland. But "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statutory provision is the source of federal-question jurisdiction, which allows federal courts to hear cases in which federal law creates the cause of action. *See Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369 (4th Cir. 2001). A court has jurisdiction as long as "a federal question appears on the face of a plaintiff's properly pleaded complaint." *Id*. at 370. Here,

Plaintiff alleges a violation of federal copyright laws. *See* 28 U.S.C. §§ 1331, 1338. Therefore, the Court has subject-matter jurisdiction over Plaintiff's claims.

Second, Defendant Sandlin also contends that Plaintiff was not the owner of Gear Factory and there was no "agreement implying such status," *see* ECF No. 12 ¶ 2, and that her claims should thus be dismissed. But for the purposes of a motion to dismiss, the Plaintiff's factual allegations must be taken as true. *See Rockville Cars,* 891 F.3d at 145. Plaintiff has plausibly alleged facts that establish that she had an agreement with Defendant Sandlin that she was a partial owner of Gear Factory; as litigation proceeds, Defendant Sandlin will have the opportunity to demonstrate that her allegations have no factual basis if that is indeed the case.

Third, Defendant Sandlin takes issue with Plaintiff's allegations of both copyright ownership and ownership of Gear Factory. Even if these claims conflict—and Defendant has raised no authority that they do—the Federal Rules of Civil Procedure allow a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2). Therefore, Defendant's argument provides no reason to dismiss the case at this time.

Finally, Defendant explains that Yost/TLC and Sandlin/Gear Factory are two different companies "being accused of different allegations." ECF No. 12 ¶ 4. No rule or law prevents two different companies from being parties to the same lawsuit. *See generally* Fed. R. Civ. P. 5(c) (outlining rules for notifying multiple defendants of a pending lawsuit).

## IV. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 12, is denied. A separate Order shall follow.

Dated: August 7, 2019 \_\_/s/_____

George J. Hazel
United States District Judge